36529.   TEAGUE *et al. v.* WHEELER.

DECIDED APRIL 25, 1957.

*Harry E. Monroe,* for plaintiffs in error.

*Pickett, Alaimo & Lawson,* contra.

NICHOLS, J. The claimant was employed as a lumber checker. His duties were to check lumber and do anything else that came to hand around the lumber yard, and for this he was paid $55 a week. He was also furnished a house on Mr. Teague's farm, in which to live, of a rental value of $30.00 per month. The claimant also had duties to perform on the farm, such as looking after livestock, chickens, fences and duties of general handy man. Mr. Teague had three horses on the farm. One was used as a plow horse. The other two were used by Mr. Teague and members of his family for riding. Mr. Teague used one of the horses for cruising timber in his sawmill business. One of the claimant's duties was to exercise and keep this horse limbered up. During sawmill working hours Mr. Teague instructed the claimant to take out the horse that he used for cruising timber and to exercise it. While exercising the horse he fell and broke his leg. While the evidence discloses that Mr. Teague had not used the horse for the purpose of cruising timber for two months at the time of the injury to the claimant, he nevertheless had directed the claimant to exercise the horse preparatory to having the horse ready to cruise timber in the near future. The exact evidence on the subject is as follows: "Q.: Well now, did you have in mind at the time that Mr. Wheeler went out there on your farm, any cruising to do with that horse? A.: Yes, when I have got about 8 or 10 sawmills and you have got to be ready when people get ready to sell you have got to be ready to go." There is no conflict in the evidence. The burden was on the claimant to prove that he was injured during employment as a sawmill employee and that the injury arose out of sawmill employment, *or employment that was incidental to the sawmill employment.*

Mr. Teague operated two separate and distinct businesses as an individual, a sawmill business and a chicken and livestock farming business. The employee's claim is based on the theory that at the time of his injuries he was engaged in a dual capacity, as a sawmill employee and an agricultural or livestock employee. While the factual situation shown by the evidence was somewhat novel, the claimant's proof clearly established that he sustained a compensable injury arising out of and in the course of his employment. The activity in which he was engaged at the time he was injured served a dual purpose, beneficial to the employer and members of his family and certainly incidental to the operation of the employer's sawmill business sufficient to bring it under the provisions of the workmen's compensation law. The hearing deputy director was therefore unauthorized to find that the injury did not arise out of the sawmill employment and the court did not err in reversing his award denying compensation.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. Under the facts of this case the exercising of the horse was a farm operation even if the horse was sometimes used to cruise timber. The owner of the horse operated two businesses, one farm and one sawmill. The claimant was paid in a lump sum for all work at both places which amounts to his being paid separately for his work at each place. The fact that the horse was used in cruising did not make exercising the horse a sawmill operation. If a farm hand who never went near a sawmill had been exercising the horse he would not have been engaged in sawmill business. If the employer here had operated a garage and a sawmill hand spent half of his time working in the garage and half at the sawmill and had repaired the employer's truck at the garage in garage hours of employment for the owner's general use, the repairman would not have been engaged in sawmill business simply because the employer intended to cruise timber in the truck the next day. The fact that the employee exercised the horse in normal sawmill work hours does not alter the case because he could have been put to work on farm operations at any time the employer saw fit. I think the court erred in reversing the award.